UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENDALL SUMMERS** | **CIVIL ACTION** |
| VERSUS | |
| **STATE OF LOUISIANA, LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS, ET AL.** | **NO. 20-21-JWD-SDJ** |

*CONSOLIDATED WITH*

| | |
|---|---|
| **STORM ERIE, ET AL** | **CIVIL ACTION** |
| VERSUS | |
| **STATE OF LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS, ET AL.** | **NO. 20-289-JWD-SDJ** |

*CONSOLIDATED WITH*

| | |
|---|---|
| **IVORY AMOS, ET AL** | **CIVIL ACTION** |
| VERSUS | |
| **STATE OF LOUISIANA, DEPARTMENT OF HEALTH AND HOSPITALS, ET AL.** | **NO. 20-386-JWD-SDJ** |

*CONSOLIDATED WITH*

| | |
|---|---|
| **CHRISTOPHER CAMPBELL, ET AL** | **CIVIL ACTION** |
| VERSUS | |
| **STATE OF LOUISIANA, LOUISIANA DEPARTMENT OF HEALTH, ET AL.** | **NO. 20-580-JWD-SDJ** |

**ORDER**

Before the Court is the Unopposed Motion to Stay New Discovery and Continue Existing Deadlines filed by Plaintiffs Kendall Summers, Storm Erie, Glenn Stelly, Ivory Amos, Kirby Robinson, Christopher Campbell, Trevor McInnis, and Christopher Ryan Smith (collectively, "Plaintiffs") on September 28, 2021 (R. Doc. 60). This Motion is unopposed.

Plaintiffs have filed a collection of lawsuits against the State of Louisiana, Department of Health ("LDH") and the Secretary of LDH (collectively, "Defendants"), which lawsuits have been consolidated for all purposes except trial.[1] As alleged by Plaintiffs, LDH has failed to develop sufficient community-based treatment options for residents of the East Louisiana Mental Health System, a state residential psychiatric hospital, as mandated by *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 119 S.Ct. 2176, 144 L.Ed.2d 540 (1999) and as required under the Americans with Disabilities Act.[2]

On September 9, 2021, Plaintiff Kendall Summers filed an Amended Complaint (R. Doc. 56), after which Defendants filed a Motion to Dismiss all of Plaintiffs' consolidated lawsuits pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (R. Doc. 57). In their Motion to Dismiss, Defendants assert numerous defenses, including lack of subject matter jurisdiction by this Court based on a lack of standing by Plaintiffs and the *Younger* abstention, as well as failure by Plaintiffs to state a claim upon which relief can be granted.[3] This dispositive motion remains pending. The Motion to Stay now before the Court seeks a stay of all new discovery and a continuance of the deadlines set forth in the Court's governing Scheduling Order

---

[1] R. Doc. 53.
[2] *See* R. Doc. 1.
[3] R. Doc. 57.

(R Doc. 50), pending resolution of the foregoing dispositive motion (R. Doc. 57). Per Plaintiffs, Defendants do not oppose this Motion to Stay and, in fact, "concur with this request."[4]

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

Having considered the instant unopposed Motion, the Court finds good cause to grant the relief requested. Among other things, Defendants raise the issue of whether this Court has subject matter jurisdiction over this litigation, which is a threshold issue that could dispose of this action without the need for further discovery. The Court, therefore, finds it appropriate to stay any further discovery in this matter pending resolution of Defendants' Motion to Dismiss. *See Badon v. U.S. Dep't of Agriculture*, No. 20-460, 2021 WL 3201367, at *2 (M.D. La. July, 28, 2021) (finding good cause to stay discovery pending resolution of motion to dismiss which "raises the threshold issue of subject-matter jurisdiction"); *Serafine v. Abbott*, No. 20-1249, 2021 WL 3616102, at *2 (W.D. Tex. May 12, 2021) (finding good cause to stay all discovery pending resolution of

---

[4] R. Doc. 60 at 3.

threshold issues, including whether the court has jurisdiction to hear the case based on defendant's *Younger* abstention arguments); *Laufer v. Patel*, No. 20-631, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021) ("Because standing is a threshold jurisdictional requirement, the Court agrees with Defendants that discovery should be stayed until the District Court has determined whether it has jurisdiction over this case."); *Johnson v. Ashmore*, 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) (staying discovery until preliminary questions of subject matter jurisdiction are decided).

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Stay (R. Doc. 60) is **GRANTED**. Any new discovery in this case, meaning discovery not previously propounded by a Party and/or subject to an order of this Court, is **STAYED** in this action until the resolution of Defendants' Motion to Dismiss (R. Doc. 57).

Signed in Baton Rouge, Louisiana, on October 7, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**